| 98 | 628 |
| 116 | 484 |
| 98 | 625 |
| 119 | 149 |
| 98 | 628 |
| d129 | 669 |
| 98 | 628 |
| 130 | 379 |
| f130 | 511 |
| 98 | 628 |
| f134 | 276 |

[15156. Department One.—July 1, 1893.]

## ELVIRA B. WOOLVERTON, APPELLANT, v. ERASTUS J. BAKER ET AL., RESPONDENTS.

CONVEYANCE IN CONSIDERATION OF SUPPORT — ACTION TO COMPEL RECONVEYANCE — ESTOPPEL OF FORMER JUDGMENT. — In an action to compel a reconveyance of land alleged to have been conveyed to one of the defendants upon the sole consideration and condition that the grantee would apply a sufficient portion of the rents for her support and maintenance during life, on account of the alleged breach of such condition, a judgment in a former action between the same parties, the complaint in which set up the same conveyance, and alleged that it had been made upon the sole consideration that the grantor should hold the same in trust for her, and that the rents, issues, and profits should be applied in providing for her support and maintenance during life, and that they had not been so applied, and sought a judgment that she was the owner of the premises, as against the defendants, and that the premises be reconveyed to her, in which action the court adjudged that the defendants as against the plaintiff were the owners of the land in fee-simple, free and clear of any and all trusts, exceptions, limitations, and conditions set forth and alleged in said complaint, constitutes a complete defense and bar to the new action by way of estoppel.

ID. — IMMATERIAL CHANGE OF ALLEGATION — VIOLATION OF TRUST — BREACH OF CONDITION — LITIGATION BY PIECEMEAL. — The change of the allegation of the violation of a trust in the former action to that of a breach of condition alleged in this action is immaterial, the cause of action being substantially the same in both actions. A party cannot litigate his cause of action by piecemeal, and after a judgment against him seek in another action to obtain relief dependent upon the transaction therein adjudged, by bringing forward claims and demands properly belonging to the first action, and which should have been alleged in the complaint therein as part of the facts constituting the cause of action.

ID. — CONCLUSIVENESS OF JUDGMENT. — A judgment is conclusive not only of what was in fact determined, but also of all matters which might have been presented in support of the cause of action and litigated in the action.

ID. — SUBSEQUENT BREACH OF CONDITION. — The former judgment being conclusive that the land was free from the conditions set forth in the complaint in the former action, which alleged that a portion of the rents should be applied to the support of the plaintiff, any subsequent failure to so apply the rents would not impair the tenure of the defendants, and the plaintiff has no new cause of action by reason of such subsequent failure, alleged in this action as a breach of condition.

ID. — OMISSION TO DESCRIBE CONDITION IN JUDGMENT — PRESUMPTION. — Although the breach of condition alleged in this action was not set out in the judgment in the former action, yet having been presented as an issue in that action, it is presumed to have been included in the judgment.

APPEAL from a judgment of the Superior Court of Humboldt County.

The facts are stated in the opinion of the court.

*J. H. G. Weaver*, and *E. W. Wilson*, for Appellant.

The judgment in the former action was not a bar to this

action: 1. Because the former action was to declare and enforce a trust, and this action is to cancel a deed for the failure of a condition subsequent. In order that a matter shall become *res adjudicata* the two causes of action must be identical. (*Philipowski* v. *Spencer*, 63 Tex. 604; *Atchison etc. R. R. Co.* v. *Jefferson Co.*, 12 Kan. 127; *Benz* v. *Hines*, 3 Kan. 390; 89 Am. Dec. 594; *Bradley* v. *Johnson*, 49 Ga. 412; *Taylor* v. *Castle*, 42 Cal. 368; *Beach* v. *Crain*, 2 N. Y. 86; 49 Am. Dec. 369.) 2. Because in the present case the failure to provide is alleged as in violation of the condition upon which the grant was found to have been made, and its violation occurred more than two years after the entry of the judgment by which this condition was found. (Code Civ. Proc., sec. 1047; Freeman on Judgments, sec. 329; *Mahoney* v. *Van Winkle*, 33 Cal. 448; *Jones* v. *Petaluma*, 36 Cal. 230; *Thrift* v. *Delaney*, 69 Cal. 188; *Barrows* v. *Kindred*, 4 Wall. 399.) 3. The condition upon which the land was conveyed was a covenant running with the land, and a former judgment which recognizes the existence of this condition or covenant cannot be a bar to a subsequent suit based upon a subsequent breach of the same condition or covenant; that it is a condition or covenant running with the land there can be no question. (*Martin* v. *Martin*, 44 Kan. 295; *Blake* v. *Blake*, 56 Wis. 392; *Bogie* v. *Bogie*, 41 Wis. 209; *Bresnahan* v. *Bresnahan*, 46 Wis. 385; *Delong* v. *Delong*, 56 Wis. 514; *Drew* v. *Baldwin*, 2 Wis. 190; *Shepardson* v. *Stevens*, 77 Mich. 256.) A judgment upon a continuing covenant will not bar a subsequent suit for a subsequent breach. (*Beach* v. *Crain*, 2 N. Y. 86; 49 Am. Dec. 369.)

*Chamberlain & Wheeler*, and *Buck & Cutler*, for Respondents.

The decision in the former action was final, not only upon the points actually argued and decided, but upon all that were raised and not specifically passed upon, and the matters therein involved became *res adjudicata*. (2 Black on Judgments, secs. 504, 514, 673, 681; *Table M. T. Co.* v. *Stranahan*, 21 Cal. 548; *Mulford* v. *Estudillo*, 32 Cal. 131; *Clark* v. *Lyon*, 8 Nev. 185; *Forgerson* v. *Smith*, 104 Ind. 246; *Learned* v. *Castle*, 78 Cal. 454; *Schroeder* v. *S. L. T. V. G.*, 66 Cal. 296; *Davidson* v. *Dallas*, 15 Cal. 75; *Taylor* v. *McLain*, 64 Cal. 513; *King*

v. *La Grange*, 61 Cal. 230; 2 Black on Judgments, sec. 527, and cases cited.) A party cannot split up a cause of action, and re-litigate matters which he might have litigated in a prior action in reference to the same subject-matter. (2 Black on Judgments, sec. 754, and cases cited.)

HARRISON, J. — The plaintiff alleged in her complaint that on December 3, 1878, she was the owner of certain land in Humboldt County, which on that day she conveyed to the defendant, Erastus J. Baker, upon the consideration and condition that he would henceforth apply a sufficient portion of the rents thereof for her support and maintenance during the remainder of her natural life; that this was the only consideration for the said conveyance; and that the said defendant accepted the same upon the said consideration and condition, and that he has not since the 1st of July, 1890, applied any portion of the rents to her support, or performed any of the conditions expressed in said conveyance; and the plaintiff prayed the judgment of the court that the defendants be directed to reconvey the lands to her. The defendants answered, denying the allegations of the complaint, and set up as a special defense that in a former action between the same parties, involving the same cause of action, judgment had been rendered in their favor, and against the plaintiff. Upon the trial the court sustained this defense, and judgment was entered in their favor, from which the plaintiff has appealed. The question presented for determination on this appeal is whether the plaintiff is estopped by the former judgment.

In the former action the plaintiff sought a judgment that she was the owner of the lands and premises, as against the defendants, and that they be directed to reconvey them to her. In her complaint she set up the same conveyance that is averred in the present action, and alleged that the same had been made by her upon the sole consideration that the defendant should hold the same in trust for her, and that the rents, issues, and profits thereof should be applied in providing for and maintaining her during her natural life, and alleged that the defendant had not in any manner, or at all, provided for or maintained her. Upon the trial of the issues therein the court rendered its judgment that the plaintiff was not the owner of the lands, but that the de-

fendants, as against the plaintiff, were the owners in fee-simple thereof, free and clear of any and all trusts, exceptions, limitations, and conditions set forth and alleged in said complaint.

By that action the plaintiff brought into judicature the title to the land as between herself and the defendants, so far as the same depended upon the conveyance made by her to Erastus J. Baker. She challenged their title by impeaching the transaction out of which the conveyance had been made, and the judgment which she sought was the cancellation of her deed, and the destruction thereby of the title claimed thereunder by the defendants. Whether she averred as the ground of the relief sought, that the consideration for the conveyance was the agreement of the defendant that he would hold the land upon a trust for her, which he had violated, or that the conveyance was made by her and accepted by him upon the condition, subsequently broken by him, that he would thereafter support her, and would apply the whole or a portion of the rents to her support, was immaterial. The real issue which she brought before the court for its judgment was the sufficiency of the defendant's title to the land, under the deed which she had executed to Erastus J. Baker. Her cause of action was the breach of the agreement under which she alleged that this conveyance had been made, and involved the determination of the rights of the parties flowing from that transaction, and it was incumbent upon her to set out in her complaint all the facts which constituted this cause of action. She is estopped by the judgment therein rendered from thereafter asserting any cause of action depending upon the facts so omitted, as fully as she would be if at the trial she had omitted to introduce evidence in support of her averments or present argument to satisfy the court of the justice of her claim. A party cannot litigate his cause of action by piecemeal, and, after a judgment against him, seek in another action to obtain relief dependent upon the transaction therein adjudged, by bringing forward claims and demands properly belonging to the first action. The judgment against him is conclusive, not only of what was in fact determined, but also of all matters which might have been presented in support of his cause of action and litigated therein. The rule is stated by Vice-Chancellor Wigram in *Henderson* v.

*Henderson*, 3 Hare, 115 : "Where a given matter becomes the subject of litigation in and of adjudication by a court of competent jurisdiction, the court requires the parties to that litigation to bring forward their whole case, and will not, except under special circumstances, permit the same parties to open the same subject of litigation in respect of matter which might have been brought forward as a part of the subject in contest, but which was not brought forward, only because they have, from negligence, inadvertence, or even accident, omitted part of their case. The plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." (See also Wharton on Evidence, sec. 717; 2 Black on Judgments, sec. 729; *Rogers* v. *Higgins*, 57 Ill. 244; *Stockton* v. *Ford*, 18 How. 418; *Sullivan* v. *Triunfo M. Co.*, 39 Cal. 464; *Taylor* v. *Castle*, 42 Cal. 367; *Parnell* v. *Hahn*, 61 Cal. 131.)

The plaintiff has no new cause of action by reason of the failure of the defendant, subsequent to that judgment, to apply any portion of the rents to her support. That issue — the breach of this condition — was presented in the former action, and as the judgment makes no mention thereof, is presumed to have been included therein. (Code Civ. Proc., sec. 1963 [18]; *Stickney* v. *Goudy*, 132 Ill. 231.) "The dismissal of a bill in chancery will be presumed to be a final and conclusive adjudication on the merits, whether they were or were not heard and determined, unless the contrary is apparent on the face of the pleadings, or in the decree of the court." (Freeman on Judgments, sec. 270.) The judgment was that the defendants, as against the plaintiff, were the owners in fee-simple of the land described, free of all the conditions set forth in the complaint. If the defendants held the land freed from the conditions set forth in her complaint, that a portion of the rents should be applied to the support of the plaintiff, any subsequent failure to so apply the rents would not impair their tenure.

The judgment is affirmed.

PATERSON, J., and McFARLAND, J., concurred.