[S. F. No. 2459.   Department Two.—March 13, 1903.]

## SARAH E. RUCKER, Respondent, v. ROBERT J. LANGFORD, Appellant.

FORMER ADJUDICATION—INJUNCTION TO RESTRAIN SALE—PARTIES.— Where the right of a third person to have premises sold to satisfy a lien has been directly adjudicated against the plaintiff, she cannot avail herself of any matter which she might have pleaded in defense of the action to foreclose the lien, and cannot enjoin the sheriff from making the sale on the ground that the premises in question were her homestead when the action was commenced, to the prejudice of the plaintiff in the former suit, who is not made a party to the action for the injunction.

APPEAL from a judgment of the Superior Court of Santa Clara County. W. G. Lorigan, Judge.

The facts are stated in the opinion of the court, and in the opinion rendered in case No. 2159, *ante*, p. 606.

C. L. Wilten, and G. & A. Webster, for Appellant.

An injunction restraining a judgment will not be granted on grounds that might have been pleaded as a defense in the

action in which the judgment was given. (*Kelley* v. *Kriess*, 68 Cal. 210; *Agard* v. *Valencia*, 39 Cal. 292.) A homestead is waived if not pleaded as a defense to an action *in rem.* (*Fitzgerald* v. *Fernandez*, 71 Cal. 504; *Graham* v. *Culver*, 3 Wyo. 639; [1] *Lee* v. *Kingsbury*, 13 Tex. 68; [2] *Tadlock* v. *Eccles*, 20 Tex. 782; [3] *Nichols* v. *Dibrell*, 61 Tex. 540; *Shaw* v. *Lindsey*, 60 Ala. 346; *Malloney* v. *Horan*, 49 N. Y. 111; [4] *Wright* v. *Dunning*, 46 Ill. 358; *Ulrich* v. *Drischell*, 88 Ind. 358; *Sharp* v. *Sharp*, 87 Ky. 554; *Rector* v. *Rotton*, 3 Neb. 178; *Henderson* v. *Sill*, 61 Miss. 391; *Larson* v. *Reynolds*, 13 Iowa, 579; [5] *Miller* v. *Sherry*, 2 Wall. 237; Thompson on Homesteads and Executions, secs. 715-726.)

Morehouse & Hambly, and William P. Veuve, for Respondent.

The plea of former adjudication was not sufficient, the action not being between the same parties or for the same cause. (9 Ency. of Plead. and Prac., p. 619; *Larco* v. *Clements*, 36 Cal. 132; *Thompson* v. *Lyon*, 14 Cal. 39; *Martin* v. *Splivalo*, 69 Cal. 611; *California etc. Soc.* v. *Harris*, 111 Cal. 133.) The question of homestead was not in issue in the former action. (*Sears* v. *Hanks*, 14 Ohio St. 298; [6] *Robinson* v. *Swearingen*, 55 Ark. 55; 15 Am. & Eng. Ency. of Law, pp. 727-728.) Section 1241 enumerates the cases in which a homestead may be taken for a debt, and it can be so taken in no other instance. (*Sullivan* v. *Hendrickson*, 54 Cal. 258; *Barrett* v. *Sims*, 59 Cal. 615; *Lubbock* v. *McMann*, 82 Cal. 226; [7] *Roth* v. *Insley*, 86 Cal. 134; *Ontario State Bank* v. *Gerry*, 91 Cal. 94; *Beaton* v. *Reid*, 111 Cal. 484; *Fitzell* v. *Leaky*, 72 Cal. 483; *Campan* v. *Molle*, 124 Cal. 415.)

THE COURT.—In the case of Citizens' Bank *versus* the present plaintiff and her husband, B. F. Rucker, (San Francisco, No. 2159,) the judgment of the lower court has just been here affirmed. By that judgment the right of the Citizens' Bank to have certain premises sold to satisfy its lien was directly adjudicated. Thereafter the plaintiff in the present

---

[1] 31 Am. St. Rep. 105.
[2] 62 Am. Dec. 546.
[3] 73 Am. Dec. 213.
[4] 10 Am. Rep. 335.
[5] 81 Am. Dec. 444.
[6] 84 Am. Dec. 378.
[7] 16 Am. St. Rep. 108.

case—defendant in the former case—brought this action to enjoin the defendant herein, who is sheriff, from selling the identical premises under an execution issued upon the said former judgment; and judgment herein was rendered perpetually enjoining the sheriff from so doing. From this judgment defendant appeals.

The only fact alleged in the present action not appearing in the former suit is, that at the time of the commencement of the former suit, and ever since, the premises in question constituted plaintiff's homestead. But in the former suit the plaintiff herein had the opportunity of setting up all defenses which she then had to that action, and the judgment therein was conclusive against her as to those defenses. The execution on the former judgment cannot be enjoined upon any of the grounds here relied on, and certainly not to the prejudice of the plaintiff in the former suit who is not made a party to the present action.

The judgment is reversed.

Hearing in Bank denied.