[L. A. No. 3329.    Department Two.—October 1, 1914.]

# SOUTHERN PACIFIC COMPANY (a Corporation), Appellant, v. EDWARD G. EDMUNDS, Respondent.

JUDGMENTS—RES JUDICATA—MATTERS ACTUALLY DECIDED AND MATTERS THAT MIGHT HAVE BEEN DETERMINED.—A former judgment between the parties to an action is conclusive in all subsequent actions involving the same question, not only as to the matters actually decided in the former controversy, but as to all matters belonging to the subject of the controversy and properly within the scope of the issues which also might have been raised and determined; the presumption being that all such issues were presented and decided.

ID.—PRESUMPTION. AS TO MATTERS THAT MIGHT HAVE BEEN ADJUDICATED IN FORMER ACTION.—But as to matters which might have been litigated and decided in a former suit as within the scope of the issues, but which were not actually or expressly in issue and adjudicated, only a presumption is indulged that they were decided; and this presumption is disputable and may be overcome by showing that although a particular matter was involved in the former action, it was by consent of the parties withdrawn from consideration at the trial and did not at all enter into or constitute any part of the verdict of the jury or the final determination of that action.

ID.—RELEASE OF CLAIM FOR PERSONAL INJURIES—REPUDIATION—CREDIT FOR MONEY PAID—RES JUDICATA.—A judgment in an action to recover for personal injuries is not conclusive on the right of the defendant in its subsequent action to determine its right to credit on the judgment the amount paid by it to the plaintiff before the commencement of the damage action for a full release of his claim for injuries, where the right to the credit is not questioned in the damage suit, but the validity of the release alone contested, and the jury are instructed, by consent of both parties, after the refusal of the court to give an instruction at the request of the plaintiff that they should disregard the release, except if they found for the plaintiff they should credit the amount paid for the release, that "in case you find for the plaintiff, you are instructed that you shall find and insert in your general verdict the full amount of his damages without crediting defendant for the one thousand two hundred and fifty dollars which it has paid, and without making any allowance therefor."

ID.—INSTRUCTION BY CONSENT OF PARTIES—EFFECT IN WITHDRAWING ISSUE.—The purpose of such "consent" instruction immediately following the refusal of the court to give the "credit" instruction was to withdraw the matter of the right of the plaintiff to such credit

from present consideration by the jury, leaving its application on any judgment which might be obtained against the defendant for consideration when it should be called on to satisfy it.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

J. W. McKinley, and Allen W. Ashburn, Jr., for Appellant.

E. B. Drake, for Respondent.

LORIGAN, J.—Plaintiff having declined to amend its complaint after a demurrer to it was sustained, judgment was entered against it, from which it appeals.

The complaint alleged that on December 19, 1909, defendant herein, while riding in a mail coach in a train operated by plaintiff, was, through an accident occurring from its negligence, seriously injured, to his damage in the sum of five thousand dollars; that on January 11, 1910, plaintiff and defendant agreed to settle and compromise the claim of defendant for said injuries for the sum of one thousand two hundred and fifty dollars, which plaintiff then paid him, and the latter thereupon executed and delivered to plaintiff a full release of all claims on account of said injuries; that thereafter and on February 21, 1910, defendant commenced an action against plaintiff to recover thirty thousand dollars' damages on account of said accident, claiming that said settlement had been procured through false representations made by plaintiff to defendant; that plaintiff answered in said action, and, among other defenses, set up as a bar to any recovery by defendant, the making of said settlement and the execution of said release; that thereafter said cause was tried before a jury, and on the trial defendant introduced evidence tending to prove that the making of said settlement and the execution of said release were procured by misrepresentations on the part of plaintiff; that before the submission of said cause to the jury defendant herein requested the court to instruct the jury as follows:

"You are instructed . . . then you will disregard said release or said settlement (referring to the $1250.00 theretofore paid), except, if you find for the plaintiff damages as defined

in the instructions herein, you will credit the sum by the amount of money admitted to have been received in such settlement''; that said instruction was rejected by the court, and thereupon, with the consent of both parties, the court instructed the jury that, ''In case you find for the plaintiff, you are instructed that you shall find and insert in your general verdict the full amount of his damages without crediting defendant for the $1250.00 which it has paid, and without making any allowance therefor,'' and gave no instruction as to the amount of damages to be allowed, or as to any deduction on account of the previous payment to defendant of the sum of one thousand two hundred and fifty dollars; that the jury returned a verdict for defendant herein, assessing his damages at five thousand dollars, and judgment in his favor was entered accordingly, which on appeal by plaintiff was affirmed by the district court of appeal; that thereafter plaintiff tendered to defendant the sum of $4360.72, being the amount of said judgment and interest, less the sum of one thousand two hundred and fifty dollars and interest thereon, and demanded that defendant accept said amount and satisfy said judgment, which he refused to do; that thereupon plaintiff paid the defendant $4360.72 under a stipulation between the parties that such payment should not constitute a waiver by defendant of his right to recover the full amount of said judgment, nor of the right of plaintiff to have a deduction of one thousand two hundred and fifty dollars with interest from the amount of said judgment, it being agreed that plaintiff should commence an action at once to determine the claims of the respective parties, and that execution on the judgment should be stayed until the question should be determined; that defendant has never tendered or refunded said one thousand two hundred and fifty dollars to plaintiff, nor has plaintiff received any credit in any way for the payment of said amount.

The relief asked was that it be decreed that plaintiff is entitled to a credit for said one thousand two hundred and fifty dollars and interest on said judgment; that it has made full payment thereof to defendant and that defendant be required to enter a satisfaction of said judgment.

The trial court sustained a demurrer to the complaint on the ground that the matter of credit set up in the present action was *res adjudicata* by the judgment in the damage suit.

The rule undoubtedly is that a former judgment between the parties to an action is conclusive in all subsequent actions involving the same question, not only as to the matters actually decided in the former controversy, but as to all matters belonging to the subject of the controversy and properly within the scope of the issues which also might have been raised and determined; the presumption being that all such issues were presented and decided. (*Bingham* v. *Kearney,* 136 Cal. 175, [68 Pac. 597]; *Rucker* v. *Langford,* 138 Cal. 611, [71 Pac. 1123].)

As to matters, however, which might have been litigated and decided in a former suit as within the scope of the issues, but which were not actually or expressly in issue and adjudicated, only a presumption is indulged in that they were decided. This presumption is, however, a disputable one and may be overcome by showing, that although a particular matter was involved in the former action, it was by consent of the parties withdrawn from consideration at the trial and did not at all enter into or constitute any part of the verdict of the jury or final determination of that action. If this is the situation here, defendant certainly cannot invoke the doctrine of *res adjudicata* against the assertion by plaintiff in this action of a right to the credit claimed. He cannot assert the conclusiveness of the former judgment on that matter if he consented with plaintiff that it might be withdrawn from consideration by the jury as an issue in the former action and it was in fact withdrawn.

While it is doubtless true that this credit for the amount paid as a release was technically within the issues raised in the damage suit, it was never an issue over which there was any controversy between the parties in that action; there never was any question made on the part of the defendant but that plaintiff was entitled to a credit for that amount in any assessment of damages which the jury might make against it. The real issue in the case (because the defendant did not deny that the injuries to defendant were caused by its negligence) was as to the release—its validity. And however that question of validity might be determined by the jury, the plaintiff here was entitled to the benefit of the one thousand two hundred and fifty dollars it had paid defendant, because if the release was valid, such payment was in satisfaction of the claim of defendant for damages, and

if it was invalid the plaintiff was undoubtedly entitled to
it as a credit against any verdict or judgment which might
be found against it.  As we have said, the right of plaintiff
to the credit was not questioned by defendant in the damage
suit.  He knew that as a mattter of law, plaintiff was en-
titled to it in some way and conceded that it might be given
to plaintiff by the jury in the damage suit when estimating
his damages if their verdict was favorable to him, because
he asked the court to so instruct the jury to credit plaintiff
with that amount in any verdict it might find.  This, how-
ever, the court refused to do.  It does not appear that the
defendant objected to the giving of this instruction; it is
rather a reasonable assumption to make that it did not.  The
refusal of the court to so instruct at the request of defendant
was followed by the giving of the consent instruction here-
tofore quoted, in which the jury was told that in any verdict
for damages they might find they were not to credit defend-
ant with the one thousand two hundred and fifty dollars it
had paid, and without making any allowance therefor.  Had
this consent instruction not been given, and had plaintiff
itself failed to ask an instruction to the jury to credit it with
this one thousand two hundred and fifty dollars payment in
estimating any damages against it, there might be room for
the application of the doctrine of *res adjudicata* as defend-
ant invokes it.  But the giving of this consent instruction
obviated any necessity on the part of plaintiff of asking for
a credit instruction or complaining of the action of the court
in refusing the credit instruction asked by defendant because
the consent instruction withdrew that issue entirely from the
case.  As the defendant was conceding that plaintiff was
entitled to the credit and had asked the court to so instruct
the jury and there was no dispute but that as a matter of
law the latter was entitled to it, the apparent purpose of the
consent instruction immediately following the refusal of the
court to give the credit instruction was to withdraw the mat-
ter of the right of plaintiff to such credit from present con-
sideration by the jury, leaving its application on any judg-
ment which might be obtained against plaintiff for considera-
tion when it should be called on to satisfy it.  Plaintiff, by
consenting to the instruction given, was probably entirely
willing and prepared to have the jury try out the question
of the validity or invalidity of the release, unembarassed by

any question of credit payment, reserving that matter for consideration at some future time, and defendant, as he freely conceded its right to this credit, was agreeable that this might be done. In any event, the consent instruction withdrew the matter from the case, and being so withdrawn it was not a matter which was concluded by the judgment in the former action.

The judgment is reversed.

Henshaw, J., and Melvin, J., concurred.

Hearing in Bank. denied.