[Civ. No. 3186. First Appellate District, Division One.—April 6, 1920.]

GEORGE J. LITTLE, Special Administrator, etc., Appellant, v. S. F. SMITH et al., Respondents.

[1] JUDGMENTS—ACTIONS TO SET ASIDE DEEDS—RES ADJUDICATA.—A judgment in favor of the defendants in an action to set aside certain deeds upon the grounds of undue influence and fraud is *res adjudicata* in a subsequent action between the same parties to set aside said deeds upon the grounds of undue influence and mental incompetency, notwithstanding in such former action plaintiff's proof of undue influence was excluded by the court upon the ground that the complaint failed to state sufficient facts, and plaintiff accepted that ruling of the court, failed to amend, and did not appeal. The fact that the judgment may have been based upon a defective complaint did not render the judgment void, nor minimize its effectiveness concerning all issues raised by the pleadings.

[2] ID.—SEVERAL ALLEGED GROUNDS OF INVALIDITY—INCORPORATION IN ONE ACTION.—A party who seeks to set aside deeds cannot commence and maintain against the same parties as many consecutive, independent suits to accomplish that purpose as he has grounds upon which to make the attack, but he must embody all of his alleged grounds of invalidity in one action.

APPEAL from a judgment of the Superior Court of Ventura County. H. T. Dewhirst, Judge. Affirmed.

The facts are stated in the opinion of the court.

Earl E. Moss for Appellant.

Wiley & Lambert and Argabrite & Drapeau for Respondents.

KNIGHT, J., *pro tem.*—This is an appeal by plaintiff from a judgment entered in favor of defendants in an action brought by plaintiff as special administrator of the estate of William A. Smith, deceased, to set aside two deeds, executed by deceased to defendants, upon the grounds of undue influence and mental incompetency. The defendants, besides denying the two principal charges, pleaded in bar of plaintiff's recovery a former judgment rendered in a suit

previously commenced by plaintiff as such special adminis-
trator against these defendants to set aside the same deeds
upon the grounds of undue influence and fraud.    The court
in the action at bar found against the    issues of undue
influence and mental incompetency, and further found that
said former judgment was a bar.

Plaintiff urges three grounds for reversal—first, that the
former judgment is not a bar; second, that the court erred
in not compelling the defendant S. F. Smith, who was the
attending physician of the deceased during his last illness
and also one of the grantees named in the deeds, to testify
as to the mental and physical condition of the said grantor
at or about the time of the execution of the deeds; and,
third, that the evidence is insufficient to support the find-
ings to the effect that there was no undue influence or men-
tal incompetency.

The principal question in the case is whether or not said
former judgment is *res adjudicata.* If it shall be deter-
mined that it is, the other two questions become immaterial.

It is the contention of appellants that said former judg-
ment cannot be held *res adjudicata* for two reasons: First,
because the issue of undue influence was not determined in
the former action, and, secondly, because in the instant case
there is set forth an entirely new and separate cause of
action, namely, the mental incompetency of the grantor.

The facts are that on October 1, 1914, plaintiff, as special
administrator, commenced suit in Ventura County against
these defendants to set aside the deeds in question, upon
the grounds of undue influence and fraud.    On stipulation
that action was transferred to Kern County and tried by
the court sitting with a jury.    When plaintiff offered proof
in support of the issue of undue influence the court sus-
tained the objection of the defendants upon the ground that
the complaint, in so far as that issue was concerned, did
not state facts sufficient to constitute a cause of action, and
further proof on that issue was excluded.    No leave to
amend was asked or granted.    At the conclusion of the trial
the court declined to adopt the special verdicts of the jury,
and entered a decree in favor of defendants, upholding the
validity of the deeds.    No appeal was taken.    On October
14, 1916, plaintiff, as special administrator, commenced the
present action in Ventura County, against the same defend-

ants, attacking the same deeds, upon the grounds of undue influence and mental incompetency. The action was tried by the court sitting without a jury, with the result already stated, that is, the court found against the issues of undue influence and mental incompetency and held that the judgment in the former action constituted a bar.

The evidence offered and received in the lower court upon the question of *res adjudicata* consists of the judgment-roll in the former action and certain oral testimony given by one of plaintiff's attorneys. The judgment-roll discloses that there was an attempt made by plaintiff to plead a cause of action upon the ground of undue influence, but the findings and judgment are silent on that issue. Ordinarily it would be held, in the absence of a record of the evidence showing to the contrary, that the failure to find upon matters affirmatively alleged in the pleadings gives rise to the presumption that no evidence was offered in support of such affirmative matter (*Hertel* v. *Emireck,* 178 Cal. 534, [174 Pac. 30] ), from which it would necessarily follow that the judgment in the action determined all matters presented by the pleadings. (*Woolverton* v. *Baker,* 98 Cal. 628, [33 Pac. 731].) In the present action, however, plaintiff, over the objections of defendants, was allowed to supplement the contents of the judgment-roll by the oral testimony of one of plaintiff's attorneys, who testified that when plaintiff offered proof in that action of undue influence the court sustained the objection of the defendants and excluded all such proof, upon the ground that the complaint failed to state facts sufficient to constitute a cause of action. Upon this oral testimony appellant predicates the theory that the issue of undue influence was not heard or determined in the former action, and consequently the judgment in that case cannot be held *res adjudicata.* In support of such theory defendant relies principally upon the cases of *Purcell* v. *Victor Power etc. Co.,* 29 Cal. App. 505, [156 Pac. 1009], *Bank of Visalia* v. *Smith,* 146 Cal. 398, [81 Pac. 542], and *Southern Pacific Co.* v. *Edmunds,* 168 Cal. 415, [143 Pac. 597]. Those cases do not support appellant's views, however, and are clearly distinguishable from the action at bar. In *Purcell* v. *Victor Power Co.* the first action "was one in ejectment, in which alone was involved the question of the right to the possession, not of the whole premises of the Bonanza claim,

but of a fractional part thereof; while the present is a
suit to quiet title, in which the question of the ownership
of the fee in another and different fractional portion of the
lands of said claim is involved.'' It will thus be seen that
the two actions did not involve the same subject matter.
In *Bank of Visalia* v. *Smith* there was a finding upon an
issue which was not tendered by the scope of the pleadings,
and the judgment was silent thereon. It was held that the
judgment did not operate as an estoppel in a subsequent
action brought to determine that issue. In *Southern Pacific
Co.* v. *Edmunds* it was in substance held that if during trial
an issue is withdrawn on stipulation from the scope of the
case, the judgment in the case does not constitute *res adjudi-
cata* on that issue. The rule in the case last cited is in
accord with the later case of *Miller & Lux* v. *James et al.,*
180 Cal. 38, [179 Pac. 174], wherein it is said:

''The rule of *res adjudicata* is to prevent vexatious litiga-
tion and to require the parties to rest upon one decision
in their controversy, but where they expressly agree to
withdraw an issue from the court the reason for the rule
ceases. The issue is not in fact adjudged, and the parties
themselves having consented to that method of trial are not
entitled to invoke the rule which requires parties to sub-
mit their whole case to the court. If they consent to adjud-
icate their differences piecemeal there is no reason that the
court should extend the rules of law to prevent that which
they had expressly agreed might be done.''

There can be no question but that such is the law. But
the rulings of the two cases last cited are founded squarely
upon the fact that the issue upon which no finding was made
was withdrawn on stipulation from the consideration of
that case. In other words, it was reserved for further con-
sideration between the parties. [1] Here a different state
of facts exists. The issue of undue influence was not with-
drawn. Plaintiff relied upon it and offered proof in sup-
port of it, but such proof was excluded by the court upon
the ground that the complaint failed to state sufficient facts.
Plaintiff accepted the ruling of the court, failed to amend,
and did not appeal. In that state of the record we are of the
opinion that the position of plaintiff in the present action
has not been brought within the rules stated in any of the
cases above cited, and that he is concluded by the former

judgment on the issue of undue influence. The fact that the judgment may have been based upon a defective complaint did not render the judgment void (*Gillespie* v. *Fender,* 180 Cal. 202, [180 Pac. 332] ; *Estate of Rose,* 180 Cal. 643, [182 Pac. 752]), nor minimize its effectiveness concerning all issues raised by the pleadings.

[2] The other question involved, briefly stated, is this: Can a party who seeks to set aside deeds commence and maintain against the same parties as many consecutive, independent suits to accomplish that purpose as he has grounds upon which to make the attack? In other words, may he under the law attack the deeds first upon the ground of undue influence, and, if not successful, then commence a second suit against the same parties to set aside the same deeds upon the ground of mental incompetency, or must he embody all of his alleged grounds of invalidity in one action? We are of the opinion that he must embody them all in one action. In *Woolverton* v. *Baker,* 98 Cal. 628, [33 Pac. 731], it is held:

"Her cause of action was the breach of the agreement under which she alleged that this conveyance had been made, and involved the determination of the rights of the parties flowing from that transaction, and it was incumbent upon her to set out in her complaint all the facts which constituted this cause of action. She is estopped by the judgment therein rendered from thereafter asserting, any cause of action depending upon the facts so omitted, as fully as she would be if at the trial she had omitted to introduce evidence in support of her averments or present argument to satisfy the court of justice of her claim. A party cannot litigate his cause of action by piecemeal, and, after a judgment against him, seek in another action to obtain relief dependent upon the transaction therein adjudged, by bringing forward claims and demands properly belonging to the first action. The judgment against him is conclusive, not only of what was in fact determined, but also of all matters which might have been presented in support of his cause of action and litigated therein. The rule is stated by Vice-Chancellor Wigram in *Henderson* v. *Henderson,* 3 Hare, 115: 'Where a given matter becomes the subject of litigation in and of adjudication by a court of competent jurisdiction, the court requires the parties to

that litigation to bring forward their whole case, and will not, except under special circumstances, permit the same parties to open the same subject of litigation in respect of matter which might have been brought forward as a part of the subject in contest, but which was not brought forward, only because they have, from negligence, inadvertence, or even accident, omitted part of their case. The plea of *res adjudicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.' (See, also, Wharton on Evidence, sec. 717; 2 Black on Judgments, sec. 729; *Rogers* v. *Higgins,* 57 Ill. 244; *Stockton* v. *Ford,* 18 How. (U. S.) 418, [15 L. Ed. 395, see, also, Rose's U. S. Notes]; *Sullivan* v. *Triunfo M. Co.,* 39 Cal. 464; *Taylor* v. *Castle,* 42 Cal. 367; *Parnell* v. *Hahn,* 61 Cal. 131.)''

In *Greer* v. *Greer,* 142 Cal. 519, [77 Pac. 1106], wherein an action was brought by a wife for divorce, for alleged desertion, and for the cancellation of a deed of the husband to his daughter, a former judgment for the defendant in an action by the wife for maintenance grounded upon the same alleged desertion, and seeking the same relief was held to be *res adjudicata.* The court there said:

"If the deed made by defendant Greer, having been once attacked by plaintiff and found valid by the judgment of a court of competent jurisdiction, can again be attacked by the same plaintiff against the same parties in a different suit, there would be no end to the litigation. The plaintiff might bring a separate action for divorce every year on each of the different causes set forth in the code, and each time claim that she had the right to investigate the validity of the transfer. It is evident that such proceedings might be kept up beyond the lifetime of defendant Greer. It is the rule that when a matter is once fairly before the court and adjudicated between the same parties, involving the same question, it cannot afterward be litigated, even upon grounds not disclosed in the former case. (*Wheeler* v. *Eldred,* 137 Cal. 37, [69 Pac. 619]; *Bingham* v. *Kearney,* 136 Cal. 175, [68 Pac. 597].)''

In the *Estate of Harrington,* 147 Cal. 124, [109 Am. St. Rep. 118, 81 Pac. 546], it was held that where a claim of widowhood of a deceased person was litigated upon issue joined upon the petition of the alleged widow for a homestead, and was then determined against her, that she could not afterward litigate the question of her widowhood upon distribution of the estate. The court there said:

"But where an issue of fact vital to the controversy has been tried between parties litigant, and a judgment depending for its sufficiency upon the finding of fact has become final, that determination of fact is forever binding in every court between the parties to that litigation and their privies. Otherwise, as has been repeatedly declared by the courts, there could be no end to litigation. 'If a new action could be commenced and a case retried because of the discovery of new facts after the case had been finally disposed of there would be no end of litigation and a case be kept in court forever.' (*Quirk* v. *Rooney,* 130 Cal. 505, [62 Pac. 825].) And again: 'If she failed to assert her claim properly or to present the proper evidence in the first suit, she will not now be permitted in a second to litigate it. The principles herein stated are elementary.' (*Bingham* v. *Kearney,* 136 Cal. 175, [68 Pac. 597].) And says Freeman on Judgments (fourth edition, section 260): 'It is sufficient that the status of the action was such that parties might have had their lawsuit disposed of according to their respective rights, if they had presented all their evidence and the court had properly understood the facts and correctly applied the law. But if either party fails to present all his proofs, or improperly manages his case, or afterward discovers additional evidence in his behalf, or if the court finds contrary to the evidence or misapplies the law—in all of these cases the judgment, until corrected or vacated in some appropriate manner, is as conclusive upon the parties as though it had settled the controversy in accordance with the principles of abstract justice.' "

In Black on Judgments, volume 2, section 754, the rule is stated in the following language:

"A party cannot relitigate matters which he might have interposed but failed to do in a prior action between the same parties or their privies in reference to the same subject matter. And if one of the parties failed to introduce

matters for the consideration of the court that he might have done he will be presumed to have waived his right to do so. If a party fails to plead a fact he might have pleaded, or makes a mistake in the progress of an action, or fails to prove a fact he might have proven, the law can afford him no relief. When a party passes by his opportunity the law will not aid him.''

Other authorities to the same effect are *Suisun L. Co.* v. *Fairfield School Dist.*, 19 Cal. App. 587, [127 Pac. 349]; *Curtis* v. *Upton*, 175 Cal. 322, [165 Pac. 935]; *Flynn* v. *Hite*, 107 Cal. 455, [40 Pac. 749]; *Crew* v. *Pratt*, 119 Cal. 139, [51 Pac. 38]; *Estate of Bell*, 153 Cal. 331, [95 Pac. 371].

Even the cases cited by appellant adhere to the same rule, for in *Southern Pacific Co.* v. *Edmunds, supra,* it is said:

''The rule undoubtedly is that a former judgment between the parties to an action is conclusive in all subsequent actions involving the same question, not only as to the matters actually decided in the former controversy, but as to all matters belonging to the subject of the controversy and properly within the scope of the issues which also might have been raised and determined; the presumption being that all such issues were presented and decided.''

There are several grounds upon which a deed may be set aside under the law. Among them are fraud, undue influence, mental incompetency, duress, menace, etc. If a party is allowed to urge one ground at a time, or even all grounds except one or two, it would result in piecemeal and endless litigation, which, as we have seen from the authorities above cited, the law seeks to avoid.

The sole object of plaintiff's first action was to obtain an adjudication by a court of competent jurisdiction that the deeds were void. In that action he should have urged all the grounds upon which he claimed the invalidity existed, and if he did not do so the law, as we have seen, will not allow him to commence another action against the same parties to litigate the same controversy.

In view of the fact that plaintiff's action is barred by the former judgment, the other questions involved in the appeal are immaterial.

Judgment affirmed.

Waste, P. J., and Richards, J., concurred.