[Civ. No. 4102.  First Appellate District, Division Two.—February 25, 1922.]

FLORA BORLAND, Respondent, v. E. A. BORLAND, Appellant; JOHN H. BORLAND, Cross-Defendant.

[1] JUDGMENTS—GUARANTY OF ALIMONY—DEFENSES—RES JUDICATA.—Where in an action in the justice's court, which is tried *de novo* in the superior court, on a contract guaranteeing the payment of alimony, certain alleged defenses are decided adverse to the guarantor, those matters are *res judicata* between the parties and may not be inquired into in a subsequent action for installments subsequently accruing under said contract.

[2] ID.—DEFENSES — JUSTICE'S COURT PLEADING—FAILURE TO OFFER PROOF—RES JUDICATA.—In the action in the justice's court, the defendant having pleaded that the contract was without consideration and "invalid," she would have been permitted to show the facts constituting such invalidity, notwithstanding such facts were not specifically pleaded; and if in such action she failed to offer proof as to her contention regarding the invalidity of the contract, the judgment rendered therein against her, upon the question of its invalidity, was conclusive, and she could not introduce such proof in the subsequent action in which such facts were specifically pleaded.

[3] ID.—APPEARANCE BY CROSS-DEFENDANT—COSTS.—Where a guarantor, in a suit on the contract of guaranty, by cross-complaint makes her principal a party in order to enable the court to pass upon the guarantor's claimed right to a cancellation of the contract, but she does not state a cause of action or ask relief of any kind against him, if he enters his appearance judgment in his favor against her for his costs is proper, even though he fails to answer the cross-complaint.

[4] ID.—PARTIES — RES JUDICATA.—Where, in an action against the guarantor on a contract guaranteeing the payment of alimony, that contract is determined to be valid, that judgment is *res judicata* as between the parties to that action in a subsequent action for installments subsequently accruing under said contract, even though the guarantor, by cross-complaint, makes her principal a party to the latter action.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. H. Morrissey, P. L. Keller and Chas. H. Brennan for Appellant.

Walter Christie for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment against her for $450 upon a contract by which, for a valuable consideration, she guaranteed the payment of $50 a month alimony to plaintiff, which sum, said contract recited, had been allowed to plaintiff by a decree of divorce duly entered in her favor dissolving the marriage between her and John H. Borland, the son of the present defendant.

In the present action the defendant filed an answer admitting the execution of the contract set out in the complaint and the fact that $450 past due thereunder had not been paid by her son nor by herself as the guarantor, but alleged that said agreement was invalid and void for several reasons, to wit: That no consideration for the same had actually been paid, despite the recital therein contained; that it was part and parcel of a collusive agreement for divorce, and as such was contrary to public policy; that the recital therein contained to the effect that the decree in the divorce action had previously been entered was false, the fact being that the contract of guarantee was, in reality, entered into before the actual signing and filing of the decree which it recites, and similar matters. A cross-complaint was also filed, containing substantially the same allegations and asking that said contract of guarantee be declared null and void and be surrendered for cancellation. Plaintiff's answer to this cross-complaint denied all these allegations and alleged that these matters were *res adjudicata* as between plaintiff and defendant because in a prior action in the justice's court plaintiff had recovered judgment against this defendant for the sum of $150, the amount then due under the contract of guarantee involved here, and that all matters of defense against said contract herein set up were decided adversely to said defendant in that action; that, later, upon an appeal from said judgment of the justice's court, a trial *de novo* was had in the superior court, in which action the same issues were determined adversely to defendant. The court found these allegations of the answer to the cross-complaint

to be true, and its finding is based upon the judgment-roll in the action in the justice's court and in the action in the superior court, which was introduced in evidence by the plaintiff herein.

[1] The trial court, in harmony with its conclusion that such matters were *res adjudicata* between the parties, refused to receive evidence offered by the defendant in support of these allegations of her cross-complaint. The one question presented on this appeal is as to whether or not these matters were conclusively settled as between these parties by the prior judgments upon this same contract. We are of the opinion that they were. We find that the case of *Koehler* v. *Holt Mfg. Co.*, 146 Cal. 335 [80 Pac. 73], is peculiarly in point. In that case, as in the present one, a suit had been brought to recover certain installments due under a contract between the parties. The defense was that there had been a valid revocation of the same on the part of the defendant. This matter was decided in favor of defendant in the justice's court and, upon appeal, by the superior court. Later, suit was brought for other installments then due. The trial court held that the former judgments were a bar and our supreme court affirmed the judgment, saying: "We are of the opinion that the plaintiff is estopped by the former judgment. It is true it was not rendered in a suit to recover the same installments that are involved in this action, and, consequently, it is not technically a bar to the present action. But it appears by the record in the former action that it was a suit to recover the amounts due under the terms of the same accepted order for the four months previous to the time here involved; that, in defense, the defendant relied upon the same revocation of January 25, 1902, upon which he relies in the case at bar; that the validity and effect of that revocation was litigated and submitted to the court in that action, and that the court decided that it was valid; that its effect was to abrogate and annul the defendant's acceptance of the order and put an end to its liability thereon, and rendered judgment accordingly. The case comes clearly within the principle that a judgment operates as an estoppel to preclude the 'parties and privies from contending to the contrary of that point or matter of fact, which, having been once distinctly put in

issue by them, has been on such issue joined, solemnly found against them.' "

[2] Appellant contends that the answer of the defendant in the former action did not put in issue the matters of fact sought to be litigated in the present action. It is true, of course, that the pleadings in the justice's court were more informal and less carefully drawn than the pleadings in the present action. But in the former action defendant alleged that the agreement sued upon had been entered into by her without any consideration or without any valid consideration, and also alleged that said agreement was "invalid." True, the facts constituting the invalidity were not set up, put in the justice's court, defendant would have been permitted to · show such facts as she alleges in the present case, in support of her contention that the agreement was invalid. The difference in form between the ' pleadings in the two actions is not material, and upon this question the case of *Koehler* v. *Holt Mfg. Co., supra,* is again directly in point, for it is therein said: "The objection that the validity of the revocation was not put in issue in the former suit is not tenable. There was, it is true, no formal answer setting up the revocation such as might be considered necessary in a suit begun in the superior court. But the pleadings in justices' courts are not required to be in any particular form, and when the case comes before the superior court on appeal their effect and sufficiency are to. be judged by the same standards as when it is before the justice of the peace. In construing them when they come under consideration collaterally, as in the present case, the rule excluding conclusions of law as no proper part of a pleading does not apply."

If defendant failed in the first action to offer proof as to each and every one of her contentions regarding the invalidity of this contract, the judgment therein rendered against her, upon the question of its invalidity, is, nevertheless, conclusive. In the case of *Matter of Frazier, etc.,* 50 Cal. App. 45 [194 Pac. 510], the court said: "The principle of *res adjudicata* applied as well to matters which might have been proven as to those actually offered in evidence. Were this not the law the doctrine would not be efficacious, for a party could withhold evidence in one case and defeat the plea of *res adjudicata* by introducing it at a later trial

of the same issues. The fact of the divorce existed and was known at the time of the former hearing and petitioner cannot now take advantage of her failure to produce the evidence.'' So in the present case. The defendant set up the alleged invalidity of the contract as a defense in the justice's court. She knew at that time all the facts in relation to the alleged invalidity. If she failed to make proof of all the facts bearing upon that matter, that failure will not warrant a reopening of the question from time to time to permit her to introduce her evidence piecemeal. The fact of the validity of the contract involved here was a question which the court was compelled to determine before it could pronounce judgment in the prior actions between these parties. In was a fact directly in issue and the prior determination is conclusive as between the plaintiff and defendant. (*Garwood* v. *Garwood,* 29 Cal. 514, 521; *Rucker* v. *Langford,* 138 Cal. 611, 613 [71 Pac. 1123]; *Southern Pacific Co.* v. *Edmunds,* 168 Cal. 415, 418 [143 Pac. 597]; *Estate of Bell,* 153 Cal. 331, 339 [95 Pac. 372]; *Suisun Lumber Co.* v. *Fairfield School District,* 19 Cal. App. 587, 596, 597 [127 Pac. 349]; *Williams* v. *Hawkins,* 34 Cal. App. 146, 149 [166 Pac. 869]; 3 Jones' Commentaries on Evidence, p. 855.)

Our conclusion that the validity of the contract between these parties was conclusively settled as between them in the former action disposes of the only real question on this appeal, for it follows that the trial court properly refused to hear evidence offered by defendant bearing upon the alleged invalidity of the contract.

Furthermore, although it is unnecessary for the determination of this appeal, we might add that the offer of proof by defendant was also open to the objection that it was inadmissible under the provisions of section 1962, subdivision 2 of the Code of Civil Procedure, which provides that recitals contained in a written instrument (except recitals of consideration) are conclusively presumed to be true as between the parties. Here defendant was endeavoring to contradict the recitals of this contract regarding the divorce proceedings, the filing of the decree therein, etc. It is settled in this state that this cannot be done. (*Moore* v. *Earl,* 91 Cal. 632, 635 [27 Pac. 1087]; *Elizalde* v. *Murphy,* 163 Cal. 681, 687 [126 Pac. 978].)

The only other point which it is necessary to mention is the contention of appellant based upon the fact that upon her motion John H. Borland was made a party to the action. This motion was made, according to appellant, upon the theory that it was necessary to have said John Borland before the court to enable it to pass upon defendant's right to a cancellation of the contract between herself and the plaintiff. John Borland was the former husband of the plaintiff, and it was his payments of alimony which were guaranteed by his mother, the defendant. He entered his appearance, after the motion of the defendant that he be brought into the action as a party defendant had been granted, and then failed to answer the cross-complaint. [3] As there was no cause of action against him and as no relief of any kind was asked against him, the court, necessarily, gave judgment in his favor against the defendant for his costs. This was proper, because the defendant in no way made out any case against him. [4] She seeks to gain an advantage, however, by the fact of his entrance into the case, by contending that as he was a party to this action and was not a party to the former action before the justice's court, and the superior court, that the parties to the actions are different and the rule of *res adjudicata* does not apply. This contention is without merit. We do not see that John H. Borland was a necessary party to this action, but if he were, his joinder does not change the rule with reference to the plaintiff and defendant; the reason of the rule remains the same. Of course, the question of the validity of this contract was not *res adjudicata* as to John H. Borland, but he did not contend in the present case that it was invalid and presented no pleadings or proof upon any matter. But the plaintiff and defendant E. A. Borland are the same parties who have litigated before the question of the validity of this contract and that question is settled conclusively between them.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied

by the supreme court on April 24, 1922, and the following opinion then rendered thereon:

THE COURT.—We withhold approval from the statement in the opinion of the district court of appeal to the effect that proof that the contract sought to be enforced by the plaintiff was part and parcel of a collusive agreement for divorce, and as such contrary to public policy, was inadmissible to show the invalidity of the contract sued on, because it contradicted the recitals of the contract. We are not prepared to say that where the question is whether or not a contract is contrary to public policy proof of facts contradictory to its recitals may not be given to impeach it, if they show the illegal intent and purpose of the contract, and we prefer to leave the question open.

The petition for a rehearing is denied.

Shaw, C. J., Shurtleff, J., Sloane, J., Wilbur, J., Lawlor, J., Lennon, J., and Richards, J., *pro tem.*, concurred.