[No. 6,596.—Department One.]

## THOMAS BARRY ET AL. *v.* JULIA C. BARRY.

APPEAL—INTERLOCUTORY DECREE—PARTITION. — An interlocutory decree in
an action of partition cannot be reviewed on an appeal from the final judg-
ment.

APPEAL by defendant from a final judgment in partition, and
from an order denying a new trial, in the Twenty-second Dis-
trict Court. TEMPLE, J.

The motion for a new trial was made with reference to the
final judgment, and denied by the Court.

*George Pearce*, for Appellant.

*William D. Bliss*, for Respondent.

MCKINSTRY, J.:

The appeal is from the final judgment in an action for a par-
tition of real property, and from an order denying a motion for
a new trial made after that judgment was entered. The final
judgment was entered May 31st, 1878, and, after confirming
the report of the referee or commissioners appointed by the
interlocutory decree hereinafter mentioned, adjudged the parti-
tion accomplished in accordance with such report.

The interlocutory decree—determining the rights and interests of the several parties as tenants in common, adjudging that a partition should be had, and appointing commissioners or referees to make partition—was filed and entered November 7th, 1877. From that decree no appeal has been taken, nor was any motion made for a new trial of the issues upon the determination of which that decree was entered. The interlocutory decree was appealable. (Code Civ. Proc. § 963.) The interlocutory decree became finally determinative of the rights and interests of the several parties, as tenants in common, in sixty days after it was entered. No error is alleged to have been committed intermediate the interlocutory and final decree, nor is it claimed the final decree is erroneous, if the interlocutory decree be assumed to be correct. The interlocutory cannot be reviewed on appeal from the final decree. (Code Civ. Proc. § 956.)

Judgment and order affirmed.

McKEE, J., and ROSS, J., concurred.