[S. F. No. 1506. Department One.—November 20, 1900.]

BRIDGET QUIRK, Respondent, v. MARY ROONEY, Appellant.

RES ADJUDICATA—DECREE OF DISTRIBUTION—QUESTION OF HEIRSHIP.—A final decree of distribution, properly entered and not appealed from, is conclusive upon the question of heirship therein adjudicated, and cannot be collaterally assailed in any other action involving the question of the heirship of the decedent.

ID.—CONCLUSIVENESS OF JUDGMENTS IN PARTITION SUIT—ALLEGED TRUST OF DISTRIBUTEE FOR HEIRS—NEW ACTION—EXPRESS TRUST.—An interlocutory judgment which has become final, and a final judgment not appealed from, in an action for partition, and to enforce a trust in favor of other alleged heirs of a deceased person, against the distributee of his estate, adjudging that such alleged heirs had no interest in the land distributed, are conclusive upon all of the claimants as to any trust of the distributee in their favor, and are a bar to a subsequent action by one of them to enforce a trust against the distributee, based upon new evidence claimed to establish an express trust of the distributee in favor of alleged heirs of the decedent, including the plaintiff.

Id.—Different Suits—Different Modes of Establishing Same Title.
It is not the policy of the law to allow different suits to be
brought between the same parties in regard to the same sub-
ject matter, merely because there may be different modes of
establishing title to the property which is the subject matter
of the different suits.

Id.—New Action Upon Same Title—New Evidence.—The doctrine of
*res adjudicata* will not permit a new action to be brought for
the enforcement of the same title between the same parties,
merely because new and different evidence may be adduced
in support of it. The plea *is* applicable to every matter which
was open to litigation within the legitimate scope of the plead-
ings in the first suit, and which might have been presented
with reasonable diligence upon the trial thereof.

APPEAL from a judgment of the Superior Court of Hum-
boldt County. G. W. Hunter, Judge.

The facts are stated in the opinion of the court.

J. H. McKune, McKune & George, Ernest Sevier, Denver
Sevier, and Chamberlin & Wheeler, for Appellant.

Henry L. Ford, J. S. Burnell, and Frank McGowan, for Re-
spondent.

THE COURT.—This action was brought for the purpose of
having the court decree that the plaintiff is the owner of an un-
divided one-ninth interest in certain lands described in the
complaint, and that defendant Mary Rooney holds the title
thereto in trust for plaintiff. Findings were filed and judg-
ment entered as prayed for in the complaint. This appeal is
by Mary Rooney from the judgment on the judgment-roll and
a bill of exceptions. The facts and history of this litigation,
so far as material here, are as follows: One Bryan Lynch re-
sided in Humboldt county and died there, being the owner of
the lands described in the complaint at the time of his death.
He died intestate, leaving no wife, children, father, or mother,
but leaving a sister, Catherine Clark, living in this state. The
estate was administered, and during the administration Cath-
erine Clark made a deed of conveyance of the estate to her
daughter, Mary Rooney, the appellant. Upon final settlement
of the estate, and upon proper notice as required by statute,
the court found as a fact that Catherine Clark was the only

heir, and the property was distributed to appellant as the grantee of Catherine Clark. After the said estate was settled, and the final decree of distribution so made, the children of one Patrick Lynch, a brother of deceased Bryan Lynch, who was living in Ireland at the date of said decree of distribution, but since deceased, brought an action for the purpose of having it adjudged and decreed that they were the owners of an undivided one-third of the land and that appellant held the land as trustee for them, and that the same should be partitioned. In the said last-named action the children of Nancy Plunkett, a deceased sister of said Bryan Lynch, intervened and asked that an undivided one-third of the land be adjudged to be theirs, and that Mary Rooney be adjudged a trustee and directed to convey the said one-third to them. Plaintiff, as one of the children of said Nancy Plunkett, deceased, was a party in intervention in said action. The relief prayed for in the complaint, by the heirs of Patrick Lynch, and in the complaint in intervention by the heirs of Nancy Plunkett, was granted, and it was adjudged that appellant Mary Rooney held one undivided one-third of the land as trustee of the heirs of Patrick Lynch, and one undivided one-third thereof as trustee of the heirs of Nancy Plunkett. From this decree an appeal was taken to this court—*Lynch v. Rooney,* 112 Cal. 282—and it was held, on the appeal, that the decree of distribution in the estate of Bryan Lynch, deceased, was final as to the heirs of Nancy Plunkett, and the judgment was reversed as to the intervening children of Nancy Plunkett, deceased. In discussing the rights of the said last-named intervenors the court, in its opinion, said:

"It is substantially claimed that upon Mary Rooney's evidence, given upon the hearing of the application for the decree of distribution, the court found as a fact that her mother was entitled to the whole estate as the only heir; that Mary Rooney was mistaken as to the fact of her mother being the only heir, inasmuch as there were other heirs, and that, by reason of her mistake of fact in so testifying, the court rendered a wrong judgment; and that Mary Rooney thereby gained the entire estate by a mistake of fact, and should be declared to be an involuntary trustee of two-thirds thereof, as provided by the terms of the section just quoted.

"It is insisted that the intervenors, in asking this relief, are not attacking the decree of distribution, but are seeking relief thereunder. Many cases are cited to support this contention, but they fall short of the mark and present no question similar to the one here involved. The court, in hearing the petition for the distribution of the estate of Bryan Lynch, deceased, upon legal and proper notice to the entire world, took evidence as to who were the heirs of his estate, entitled to take 'the same, and thereupon made a finding of fact that Catherine Clark was a sister and the only heir, and, as a conclusion of law, held that said Catherine Clark was entitled to the entire estate. That decree has never been modified, nor even assailed, and, as far as any collateral attack is concerned, it must stand forever as binding and conclusive upon the question of heirship. Whatever counsel may say as recognizing the validity of the decree, and claiming under it, is not strictly true, for that decree declares as a fact that Catherine Clark is the only heir of Bryan Lynch; and to give the intervenors the relief here sought that finding must be first set aside as untrue, and that cannot be done in this action. If such a thing could be done, the stability of judgments and decrees would be a thing of the past. Decrees of distribution would be as unstable as the sands, for omitted heirs from such decrees would be seeking to have involuntary trusts declared thereon at most inopportune times, and in direct opposition to the law as declared by section 1908 of the Code of Civil Procedure pertaining to the conclusiveness and finality of judgments and decrees."

The decision, therefore, is *res judicata* as to the rights of the plaintiff in this case as one of the heirs of Nancy Plunkett, deceased.

Upon the case being remanded to the court below on November 7, 1896, the action, as between the last-named intervenors and the appellant here, was again submitted upon the testimony introduced at the former trial, findings waived and judgment ordered December 23, 1896, that the intervenors, the children of Nancy Plunkett, deceased, take nothing by their complaint in intervention, and that appellant have judgment for her costs as to them. On January 22, 1897, an interlocutory decree in partition was accordingly entered, and on Sep-

tember 25, 1897, a final decree was entered.    This action was
commenced by plaintiff, as one of the heirs of Nancy Plunkett,
deceased, September 21, 1896,   The appellant filed her amend-
ed answer September 25, 1897, and in said answer pleaded the
judgment of January 22, 1897, in the former suit of *Lynch v.*
*Rooney et al.*, as a bar to the action, and also pleaded that the
action of *Lynch v. Rooney et al.* was still pending, and was and
is prosecuted for the same cause of action, including the same
parties and the same subject matter as the present action.

The court below found the facts in substance as herein
stated, but undertook to differentiate the present case in some
respects from the action in which the former final judgment
had been entered, and held that the matter was not *res judicata.*
In this we think the learned judge was in error.   By the former
decision of this court the decree of distribution in the estate of
Bryan Lynch, deceased, was held final and conclusive as to the
plaintiff here.   Upon the cause being remanded, the court be-
low followed the law as laid down by this court, and upon the
same pleadings and evidence made its decree that the heirs of
Nancy Plunkett (including plaintiff) were not entitled to any
relief.   The interlocutory decree was entered January 22, 1897,
and was appealable.   (Code Civ. Proc., sec. 963, subd. 2.)   Un-
less appealed from within sixty days after entry it became final
and conclusive of the rights of the parties to it.   (Code Civ.
Proc., sec. 939, subd. 3; *Lorenz v. Jacobs,* 53 Cal. 24.)   An in-
terlocutory decree cannot be reviewed on appeal from a final
judgment.   (Code Civ. Proc., sec. 956; *Barry v. Barry,* 56 Cal.
10.)

The present action is similar in all respects to the former
one in which the interlocutory and final judgments were en-
tered.   The parties in the present action were parties to the
former, the property involved is the same, the cause of action
—to wit, the right of plaintiff to a part of the estate of Bryan
Lynch, deceased—is the same; and the plaintiff here is prose-
cuting this suit in her own right, as she did by her complaint
in intervention in the former suit.   In the opinion of the
learned judge of the court below he said, in speaking of the
bar of the former judgment: "The parties are the same, and
the subject matter is the same; the only question is as to the

cause of action. The purpose and object of this action being the same as the other, so far as the recovery of an interest in the land is concerned, I am free to admit that I entertain grave doubts on the question as to whether or not the plea in abatement can be maintained, but the conclusion to which I have come is that this action is not upon the same cause of action as the former action, and, therefore, the plaintiff is entitled to maintain it." The judge then gives as the principal reason why the cause of action is not the same that the former action was brought upon the theory that appellant held the real estate upon an implied or resulting trust, while in this case the theory is that appellant holds it by reason of an express trust as set forth in a letter written by her May 1, 1892, to the children of Nancy Plunkett, deceased. We do not think it the policy of the law to allow as many different suits between the same parties in regard to the same subject matter as there might be different modes of establishing title to property. The complaint in intervention in the former suit asked that it be decreed that plaintiff in this suit was the owner of an undivided interest in the real estate, and that appellant holds the said lands in trust, and that the court determine the rights of the parties and partition the same. The complaint in this case asks that it be decreed that plaintiff is the owner of an undivided interest in the same real estate, and that appellant holds the title in trust for her, and for general relief. In the complaint in intervention in the former case and in the complaint in the present case not a word is said as to whether or not the plaintiff here is proceeding upon the theory of an express trust or an implied trust. The facts stated are substantially the same, and the object sought precisely the same. The court below evidently thought that the letter of May 1, 1892, was sufficient to establish and charge appellant as trustee of the lands for the plaintiff as one of the heirs of Bryan Lynch. If so, it is unfortunate for plaintiff that the letter was not introduced in evidence in the former suit; but the plaintiff had her day in court, her case was tried upon the evidence she then had, and a final judgment reached. If a new action could be commenced and a case retried because of the discovery of new facts, after the case had been finally disposed of, there would be no

end of litigation, and a case could be kept in court forever. The law provides machinery for a full and fair hearing of all cases, giving the parties the right to fully present their case upon the merits, granting continuances for the purpose of taking depositions, or procuring the attendance of witnesses. After the case is tried, the losing party may apply to the court for a new trial upon the ground of newly discovered evidence, and if the evidence is material and due diligence and good faith are shown, the court is always ready to give relief. But to allow a party to commence another suit, after having once been defeated in the lower and in the appellate courts, for the reason that he has found different evidence, would be destructive of the very purposes for which courts are instituted. The rule as to *res judicata* is thus stated by Vice-Chancellor Wigran in *Henderson v. Henderson,* 3 Hare, 115, and approved by this court in *Woolverton v. Baker,* 98 Cal. 632: "The plea of *res judicata* applies except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time."

In *Aurora v. West,* 7 Wall. 84, 102, the rule is thus stated: "But where every objection urged in the second suit was open to the party within the legitimate scope of the pleadings in the first suit, and might have been presented in that trial, the matter must be considered as having passed in *rem judicatam,* and the former judgment in such case is conclusive between the parties."

We fully appreciate the fact that if there had been no final decree of distribution in the estate of Bryan Lynch, deceased, and no former adjudication, the plaintiff's claim would be meritorious. But courts must follow general and well-established rules of law applicable to all cases and for the benefit of all. If plaintiff, through negligence in not properly presenting her case at the former trial, has lost her right to the property in controversy, it is a hardship, but one from which we have no power in this action to grant relief. To adopt any other rule than the one we have followed would open a "Pan-

dora's box" of evils that would upset the rules of property and the respect for final judgments of the courts.

The judgment is reversed and the cause remanded, with directions to the lower court to enter judgment for appellant upon the findings.