[Civ. No. 5824.   First Appellate District, Division Two.—August 9, 1927.]

JOHN DICKEY, Appellant, v. A. KUHN et al., Respondents.

Clarence De Lancey and Ramsey Probasco for Appellant.

Clark, Nichols & Eltse for Respondents.

NOURSE, J.—Plaintiff sued upon a promissory note in the sum of $3,500. The cause was tried before a jury and resulted in a verdict in favor of the defendants. From the judgment following the verdict the plaintiff has appealed upon a typewritten record.

The litigation arises out of a written contract, executed July 31, 1922, wherein the plaintiff sold to the defendants a restaurant located in the city of Berkeley for the agreed purchase price of $5,000. Pursuant to the contract the defendants paid the plaintiff $500 in cash and executed and delivered to the plaintiff three promissory notes, one for $500 payable August 10, 1922, one for $500 payable August 30, 1922, and one for $3,500 payable January 31, 1923. Respondents took possession of the restaurant on July 31, 1922, and paid the first promissory note within a few days after it became due. Prior to the due date of the second promissory note the defendants in this action commenced a suit in the superior court to rescind the contract of sale upon the grounds of fraud and misrepresentation. In the complaint filed in that action the contract of sale was pleaded in full and several charges of fraud were alleged among which was the failure of the seller to procure the landlord's consent to an assignment of the lease of the premises in which the restaurant was operated. In this connection the complaint alleged that "defendant has not produced any lease for the said premises and plaintiffs are informed and believe, and upon such information and belief, state the facts to be, the defendant cannot give them such

lease as aforesaid." It was also alleged in the complaint in the former action that in addition to the moneys paid on account of the contract the purchasers had given one promissory note in the sum of $500 then due and one for the sum of $3,500 due January 31, 1923. Damages were claimed in the sum of $5,400, "which said sum will be reduced by the amount of $4000 whenever the defendant gives up to be cancelled the said notes." The prayer of the complaint in that action was that the defendant be required to give up these notes for cancellation or that the plaintiffs have a proper judgment to relieve them against all liability of the notes and that the defendant be required to pay to the plaintiffs the moneys theretofore paid out by them.

In answer to the complaint in that action the defendant denied all the allegations of fraud and specifically alleged that the lease to the premises was agreed to be transferred to the plaintiffs only upon the payment in full of the purchase price of the business and that the failure of the plaintiffs to pay the purchase price of the business was the reason for the failure of the defendant to transfer the lease. By way of cross-complaint the defendant in that action then pleaded the promissory note for $500 which was then due and demanded affirmative relief to that extent. In answer to this cross-complaint the plaintiffs in that action alleged that the note sued upon was void for want of consideration, and that it "is one of the notes, the cancellation of which is in issue in this action."

Upon the trial in the action for rescission judgment went in favor of the defendant, who is the plaintiff and appellant herein, on findings adverse to the plaintiffs on all their charges of fraud and misrepresentations. Judgment was also given the defendant therein on his cross-complaint for the promissory note of $500. In reference to the defendant's failure to transfer the lease the trial court found "that it is true that said lease to said property was to be transferred to plaintiffs only upon the payment in full of the purchase price of said business; that said purchase price has not been paid in full; that said lease has not been transferred to the plaintiff." On the issue of damages the trial court found that it was not true that the plaintiffs had been damaged in the sum of $5,400, or any other sum whatsoever, but "that said equipment, utensils and property com-

prising the said restaurant was of the reasonable value of Five Thousand ($5,000.00) Dollars.''

The plaintiffs in the former action perfected their appeal from the judgment as entered, and pending said appeal the note for $3,500 fell due and this action was instituted by the plaintiff herein for its collection. To the complaint filed herein the defendants pleaded the same charges of fraud which had been litigated in the former action and also alleged ''that the validity of the said note is involved in this court in cause No. 70390, which said cause of action is now on appeal to the appellate court of the state of California.''

On November 26, 1922, and prior to the decision in the superior court in the original suit for rescission, the purchasers under the contract (the plaintiffs in that action) abandoned the premises without a notification to the defendant therein. On February 8, 1923, the judgment denying relief to the purchasers was entered and this judgment was affirmed by the district court of appeal on March 18, 1924. Upon the return of the *remittitur* the appellants in that action, having delayed prosecuting this action upon the promissory note on the ground that the same note was involved in the action on appeal, filed an amended answer setting up the failure of the seller to procure the written consent of the landlord to the transfer and assignment to the purchasers of the lease to the premises wherein the restaurant was conducted, and also alleged that because of a controversy between the landlord and the seller it had become impossible for the latter to procure the landlord's consent to such a transfer. For this reason it was claimed that the consideration for the note in suit had failed.

Upon the issue so framed the cause went to trial before the court sitting with a jury. The plaintiff made proof of the note in suit and rested. The defendants thereupon sought to establish their allegations of fraud and want of consideration, and particularly the failure of the plaintiff to procure the written consent of the landlord to the assignment of the lease. Objection was made to this testimony upon the ground that it was a matter adjudicated in the prior action. The trial judge held that nothing had been decided in the former case regarding the note in suit, and overruled the objection. Thereupon evidence was received over the objection of the plaintiff which went to show that

at some time after the defendants had taken possession of the premises the plaintiff had had a controversy with the landlord over the matter of the assignment of the lease and that the landlord had declined to consent to the assignment until the plaintiff satisfied a claim which the landlord made against him amounting to approximately $100.

Throughout the trial, and on this appeal, the plaintiff and appellant herein insisted that the trial of this issue was merely a retrial of the issue presented in the former action based upon some new evidence showing this controversy between the landlord and the appellant. It is pointed out that the action for rescission was based upon fraud and want of consideration, and that the $3,500 note, as well as the whole purchase price, was definitely put in issue in that action; that the question of consideration was found adversely to the purchasers; that this appellant was' given judgment in the former action under his cross-complaint upon the $500 note, which was identical with the one here in suit, except as to amount, and which was put in issue by the purchasers in the same way; that in the former action it was found that the seller was under no obligation to transfer the lease until the full purchase price had been paid.

In *Bingham* v. *Kearney*, 136 Cal. 175, 177 [68 Pac. 597], the supreme court, in discussing the application of the rule of *res adjudicata*, said: "It is not the policy of the law to allow a new and different suit between the same parties, concerning the same subject-matter, that has already been litigated; neither will the law allow the parties to trifle with the courts by piecemeal litigation." In *Quirk* v. *Rooney*, 130 Cal. 505, 510 [62 Pac. 825, 827], it is said: "But the plaintiff had her day in court, her case as tried upon the evidence she then had, and a final judgment reached. If a new action could be commenced and a case retried because of the discovery of new facts, after the case had been finally disposed of, there would be no end of litigation, and a case could be kept in court forever." We find the rule aptly stated in 23 Cyc. 1215, as follows: "A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a domestic court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the

parties to that action and persons in privity with them, and cannot again be litigated in any future action between such parties or privies, in the same court or in any other court of concurrent jurisdiction, upon the same or a different cause of action.'' This whole subject has been recently considered by our supreme court in *Price* v. *Sixth District Agricultural Assn.*, 201 Cal. 502 [258 Pac. 387], and nothing is to be gained by reiterating the rules of law stated in that opinion.

Here the validity of the $3,500 note was definitely put in issue in the former action where it was specifically pleaded that after having been issued through fraud and as a part of the purchase price of the restaurant the consideration for it had failed. This allegation was followed with a prayer that this particular note be followed up and canceled and that the plaintiffs therein have judgment protecting them from any liability upon this note. The judgment adverse to the plaintiffs on that issue having become final it conclusively determined both the issue of fraud and of want of consideration. The finding in the former action that the lease was not to be assigned until the full purchase price had been paid precluded any testimony in the second trial tending to show that this assignment should have been made at a different time or that because of a controversy with the landlord the appellant might have had some difficulty in procuring the assignment if the respondents had elected to stand by the contract and satisfy the note on its due date.

It is argued that, notwithstanding the manifest error in retrying before this jury the issues adjudicated in the former action, the judgment should be sustained because the respondents offered a good defense in the showing that the appellant had failed to tender an assignment of the lease before commencing this action on the note. The obvious answer is that the court having found in the former action that the property sold exclusive of the lease was of the value of $5,000 and that the lease was to be assigned only upon the payment of this note the tender should have come from the respondents rather than from the appellant. Furthermore, if any tender by appellant were necessary it was excused by the action of the respondents in abandoning the premises—an action which at least made a tender

fruitless if it did not wholly put it out of the power of the appellant to secure the landlord's consent to an assignment of the lease. (*Hulen* v. *Stuart*, 91 Cal. 562, 569 [217 Pac. 750]; *Hoppin* v. *Munsey*, 185 Cal. 678, 685 [198 Pac. 398]; Civ. Code, sec. 1511.)

Other errors are assigned by the appellant, but because of the foregoing views the judgment must be reversed, and it is, therefore, unnecessary to discuss them.

Judgment reversed.

Sturtevant, J., and Koford, P. J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 3, 1927, and the following opinion then rendered thereon:

THE COURT.—The petition for a hearing herein in this court is denied.

█ We, however, withhold our approval from that portion of the decision of the appellate tribunal wherein it seems to have been held that the judgment in the former action was *res adjudicata* as to whether the defendant in this action would have had the right to show that upon the due date of the note sued upon herein he had offered or was prepared to pay the same but that the plaintiff was then unable to procure the assent of the original landlord to a transfer of the lease and that for that reason the consideration of said note had failed. Having, however, abandoned the premises prior to the due date of said note and having never offered to pay the same upon the above conditions he was no longer entitled to defend against its payment upon that ground.