[Civ. No. 4602. Third Appellate District.—March 23, 1934.]

LULU M. STEPHANI, Respondent, v. MYRTLE C. ABBOTT et al., Appellants.

Huston, Huston & Huston for Appellants.

G. P. Hurst, Elmer W. Armfield and Arthur B. Eddy for Respondent.

PULLEN, P. J.—This is an appeal from a judgment awarding plaintiff and respondent damages, and a preliminary injunction which restrained appellants from turning waste or irrigation water over the lands of plaintiff. The properties here involved were owned originally by Thomas W. Guthrie, who divided his holdings in parcels and conveyed a portion thereof to his daughters, among whom were the respondent and the appellant herein. Appellant Abbott is the owner of a tract immediately south of respondent, and another sister is the owner of a tract immediately to the north of respondent; the property faces the county road, and running through the property is an old drainage ditch.

The complaint is in two counts. In the first cause of action it is alleged that appellants wrongfully turned large quantities of waste water from their irrigated lands across

the fields of plaintiff, thereby overflowing portions of the lands of plaintiff to her damage, and that appellants threatened to continue such action until the same had ripened into a right. In the second cause of action it is alleged that at a subsequent date respondent suffered damage by similar acts on the part of appellants.

Appellants filed an answer denying the acts alleged in the complaint and asserting their right to turn irrigation water through what is called the "drainage ditch", and pleaded a prescriptive right so to do. Thereafter, over the objection of appellants, respondent was allowed to file a supplemental complaint setting forth in nine separate counts various items of damage caused by flooding on specific later dates, and also sought an injunction and pleaded a judgment in a former action between the parties hereto as a bar. Upon the issues thus framed the case was tried, but the court declined to permit the introduction of any testimony on the issue of a prescriptive right to drain the surplus waters into or through the drainage ditch on the theory that the judgment in the former action was *res judicata* as to the existence of any such prescriptive right or easement.

One of the first questions to be determined, therefore, is whether such former judgment is a bar or estoppel to the claim of a prescriptive easement here set up by defendants, and to determine that question we must examine the issues determined in the first action.

In 1917 Lulu M. Stephani filed an action in the justice's court against Myrtle C. Abbott and Lawrence Abbott, her husband, wherein she alleged ownership in herself of a particular piece of property and that defendant therein, Myrtle Abbott, owned a tract adjoining and immediately south of her property, and that defendants in October, 1916, unlawfully and wilfully entered upon the premises of plaintiff and cut the levee which she had constructed on the south side of her lands and caused water to flow upon the lands of plaintiff; and as a second and third cause of action plaintiff alleged that on specific subsequent dates defendants caused irrigation water to flow from their land upon the lands of plaintiff, causing damage. To this complaint defendants entered a general denial and by way of affirmative defense averred:

"That all the matters and transactions alleged, damage and negligence in said complaint alleged, have been done and

caused by a certain drainage ditch running through the lands of plaintiff, defendants and other parties, and which drainage ditch was built and constructed by the grantors of the plaintiff and defendant Myrtle C. Abbott, for the purpose of the drainage of surface water and waste water from irrigation of the lands of the parties hereto; and that the damage, if any, was caused by the plaintiff herein obstructing said drainage canal through and upon her own lands; that said drainage canal has been used and operated by the parties hereto constantly for more than twenty years, and the plaintiff herein caused said drainage canal along and across and over her said lands to be destroyed in such a way as to prevent the drainage water and waste water from irrigation passing along, across and over her said lands, through said ditch.''

It is further alleged by defendants that the relief sought related to, depended upon and necessarily involved the title and possession of the real property described in the complaint. On the filing of this answer the cause was certified to the superior court on the theory it involved the title to real property and that the justice's court had no jurisdiction. The trial was thereupon had in the superior court and judgment and findings were entered in favor of plaintiff. The court found the above-quoted allegation in the answer to be untrue.

Appellants now assert that the allegations of that part of the answer filed in the justice's court and quoted above did not allege prescriptive right in the drainage ditch, but only affirmatively alleged that the damage of which plaintiff complained was not caused by defendants, but was caused by the obstructing of the drainage canal and for the purpose of locating and identifying the drainage canal it was described as that canal used by the parties for more than twenty years.

We believe, however, a reading of the paragraph referred to discloses the allegations as to the use and operation for a period of more than twenty years were not alleged for the purpose of description, but were allegations of an easement or prescriptive right to the drainage ditch.

Appellant also urges that the action in the justice's court was an action for trespass and as such did not involve the title to real property, the plaintiff being only required to prove possession and not ownership to sustain the action.

As against this contention, however, we have the direct allegation of defendants in their pleading that both title and possession of the real property were directly involved, and defendants having directly raised that issue, with the result of ousting the justice's court of jurisdiction, and having tried the case without objection, cannot now be heard to question that fact.

From the evidence introduced in the first trial it appears that appellants turned their surplus irrigation water from their lands northward until it reached an embankment on the south side of plaintiff's irrigation ditch. There the water accumulated until defendant Abbott cut plaintiff's irrigation ditch embankment, permitting the waters to pass through the cut northward over plaintiff's lands.

Prior thereto plaintiff had placed two bulkheads in the drainage canal, one at the division line of plaintiff's and appellants' property and the other a short distance to the north. When appellants irrigated their lands and drained the water into the drainage ditch these waters were intercepted by the bulkheads and were forced easterly across plaintiff's fields. To avoid this appellants cut the bulkheads placed in the drainage ditch by plaintiff on her land, thus permitting the water to flow unobstructed in the drainage canal about halfway across plaintiff's property where it spread across plaintiff's lands, causing the damage complained of.

With this situation in mind it is apparent that what appellants referred to when they alleged in their affirmative defense in the justice's court quoted above "that the damage of plaintiff, if any, was caused by plaintiff . . . obstructing said drainage canal through and upon her own lands", was the drainage canal or old drainage ditch, which is an issue in the present action. It is also apparent from the record in the first action that it was the contention of defendants herein that a drainage ditch for the purpose of carrying water from irrigation drainage when the land was subdivided and transferred to the grantor's children, having existed across the Guthrie tract at that time, and for many years prior thereto the right to so drain such waters through this drainage ditch across the smaller tracts conveyed to each child continued to exist and the right passed with the lands.

However, the judgment of the court in the first suit was

a rejection of this contention. Still, it is very clear that a drainage ditch was thus involved in litigation, and it is obvious the drainage ditch here involved and the drainage canal or old drainage ditch there involved are one and the same. So, too, the act of cutting the bulkheads and reopening the drainage canal by defendants was an attempt to assert a right to an easement in the drainage ditch. The awarding of the judgment by the trial court is a finding, however, that this right did not exist in favor of defendants, and that plaintiff was entitled to damages not only for injuries caused by drainage waters through the drainage canal, but from other waters also which flowed over the lands of plaintiff by way of the irrigation ditch along the south line of her lands.

In the action filed in the justice's court and in the action here on appeal the plaintiff and defendants are the same as are also the respective parcels of land alleged to be owned by each. ■ In each case the plaintiff alleged that defendants were wrongfully flowing water upon her lands, interfering with her use to the right thereof. Therefore, if defendants at the time of the trial in the first suit had any right of any kind or character to flow water upon the lands of plaintiff, or any part thereof, they were bound at that time to set forth that right or be foreclosed from doing so. This principle was announced as early as *Gray* v. *Daugherty*, 25 Cal. 266, and has been consistently reaffirmed. (*Price* v. *Sixth District Agricultural Assn.*, 201 Cal. 502 [258 Pac. 387].)

So, too, must a defendant be prepared to set up all of his defense or be thereafter estopped. (15 R. C. L., sec. 446.)

In *Bingham* v. *Kearney*, 136 Cal. 175 [68 Pac. 597], it is said: "It is not the policy of the law to allow a new and different suit between the same parties, concerning the same subject-matter, that has already been litigated; neither will the law allow the parties to trifle with the courts by piecemeal litigation. When plaintiff was brought into court by defendant in the former case, she certainly knew her rights. If she wished to rescind the contract, or if she had rescinded it, as she said in her answer she had done, then and there was the time to present her pleadings and evidence and insist upon all rights to which she was entitled under the law. If she could not get the award of the law upon the facts in the lower court, she could have appealed.

She did not do so. She is now met by the presumption that all the facts and matters in controversy were disposed of in the former suit, and the further presumption that the judgment in the former suit is correct. If she failed to assert her claim properly, or to present the proper evidence in the first suit, she will not now be permitted in a second to litigate it. The principles herein stated are elementary.''

This rule is repeated and upheld in *Dickey* v. *Kuhn,* 85 Cal. App. 8 [259 Pac. 93], *Little* v. *Smith,* 47 Cal. App. 8 [189 Pac. 1059], and *Quirk* v. *Rooney,* 130 Cal. 505 [62 Pac. 825].

■ Appellants also complain of the supplemental complaint filed by plaintiff over objection, contending that the original complaint sued not for a continuing trespass, but for a separate and distinct invasion of her property right. Permission to file a supplemental complaint is in the discretion of the trial court, provided it is in furtherance of and consistent with the original complaint and is not a new or independent cause of action. (Sec. 464, Code Civ. Proc.; *Harding* v. *Minear,* 54 Cal. 504; *Greenwood* v. *Adams,* 80 Cal. 77 [21 Pac. 1134].) In this case plaintiff sued for damages for injury to her lands, reciting specific instances thereof, and then alleges generally:

"That the said defendants have heretofore threatened, and now threaten, to continue so to turn waste and irrigation water from defendants' said premises upon the said lands of this plaintiff, and to cause such waters to flow over, upon and across plaintiff's said premises to the detriment and injury of this plaintiff,'' and thereupon prayed for an injunction.

The supplemental complaint recited further instances of trespass of a nature similar to the acts alleged in the original complaint, both the original and supplemental complaints showing an invasion of plaintiff's right to the use of her property without interference from defendants, the damages being incidental thereto. It cannot be said, therefore, the court abused its discretion in permitting the supplemental complaint to be filed.

■ Appellants also claim the court erred in holding that appellants did not acquire an easement in the old drainage ditch by a deed from their grantor, but that being a matter before the court in the original action filed in the justice's court, it cannot again be litigated and is *res judicata.*

 There are other points urged for reversal, such as the claim that if any damage were suffered by respondent it was because of the act of an independent tort-feasor who discharged waters in the same way as appellants and flooded the same lands. We do not believe the record bears out this contention, and as is stated in *Reclamation District No. 833* v. *American Farms Co.*, 209 Cal. 74 [285 Pac. 688]:

"It is well settled that one who contributes to a damage cannot escape liability because his proportional contribution to the result may not be accurately measured. (*Learned* v. *Castle*, 78 Cal. 454 [18 Pac. 872, 21 Pac. 11]; *People* v. *Gold Run D. & M. Co.*, 66 Cal. 138 [56 Am. Rep. 80, 4 Pac. 1152].)"

 It is also claimed that the award of damages included the overflowing of lands not described in the complaint. That also does not appear to be sustained by the record.

For the foregoing reasons we believe the judgment should be affirmed. It is so ordered.

Plummer, J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 21, 1934.